El Pueblo de Puerto Rico, demandante y apelado, *v.* José Beltrán Ortiz, acusado y apelante.

Núm. 6756.—*Sometido:* Diciembre 7, 1938. *Resuelto:* Diciembre 16, 1938.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El fiscal de la Corte de Distrito de Bayamón formuló la siguiente acusación contra José Beltrán Ortiz:

''El Fiscal formula acusación contra José Beltrán Ortiz por una infracción al Art. I de la Ley prohibiendo Portar Armas, de junio 25, 1924, *misdemeanor,* cometida como sigue:

''El referido acusado allá por el día 17 de enero de 1936, y en el poblado Vista Alegre, en la vía pública, de la ciudad de Bayamón, P. R., que forma parte del Distrito Judicial del mismo nombre, ilegal y voluntariamente portaba y conducía un revólver, siendo éste un arma con la cual puede causarse daño corporal.

''Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico.' ''

1

Oída la prueba, se le condenó a sufrir la pena de tres meses de cárcel, y no estando conforme, apeló para ante este Tribunal.

Por razones que surgen de dos opiniones de este tribunal emitidas en relación con el caso de autos, publicadas, una en el volumen 52, pág. 555, y en el volumen 53, pág. 164, la otra, pero que no son ahora de rigor, la prueba ha sido elevada en forma de estipulación entre el fiscal y el abogado del acusado, con la aprobación del juez de la corte sentenciadora. En lo pertinente dice así:

"ESTIPULACIÓN.—Comparecen el Fiscal de Distrito y el abogado del acusado y, a los efectos de la apelación establecida en la causa arriba intitulada, estipulan que los hechos probados en el juicio de la misma son los siguientes:

"1. Que el acusado allá para el día 17 de enero de 1936 y desde algún tiempo antes era dueño de un establecimiento comercial ubicado en el poblado 'Vista Alegre' de Bayamón.

"2. Que para esa fecha y desde hacía algún tiempo el establecimiento aludido venía siendo objeto de una serie de escalamientos, siéndole hurtados bienes de la propiedad del acusado y pertenecientes a la existencia de artículos que en el repetido establecimiento había.

"3. Que el día antes del de autos y en varias otras ocasiones el acusado oportunamente dió cuenta a las autoridades públicas correspondientes de estos actos de escalamiento y hurto.

"4. Que, asimismo, dicho acusado optó por permanecer durante la noche en el establecimiento referido para proteger la propiedad suya y evitar la repetición de los actos que venían realizándose, y, el 17 de enero de 1936, a altas horas de la noche, sorprendió dentro de su dicho establecimiento a Dolores García cometiendo hurto y escalando el mismo.

"5. Que el acusado persiguió al escalador dentro del establecimiento haciéndole varios disparos con un revólver, y habiendo logrado éste abrir una de las puertas y salir huyendo a la calle el acusado lo persiguió fuera del local, y salió a la calle todavía disparándole con el revólver. Los disparos que hizo en la calle fueron dos mientras Dolores García continuaba su fuga."

Alega el acusado apelante en su alegato, que es incorrecta la interpretación que el tribunal inferior ha hecho del derecho y equivocada la aplicación que hizo de la ley a los hechos establecidos. A nuestro juicio tiene razón. El caso es muy parecido al de *El Pueblo* v. *Bosch,* 43 D.P.R. 741, y en aquel caso se dijo:

"¿Dejó el apelante de ser tal celador cuando a fin de reprender o reprimir a unas personas que se estaban llevando la yerba de la finca de su patrono, él fué a la carretera? Creemos que no. Penetrar en la vía pública bajo tales condiciones caía claramente dentro de sus deberes. Si tenemos razón en nuestra contención de que un celador tiene derecho a usar una pistola mientras desempeña sus deberes, se colige que el hecho de que el celador saliera a la vía pública fué un acto que caía enteramente dentro de la esfera de su empleo o de las atribuciones del mismo."

En los casos de *El Pueblo* v. *Rodríguez,* 43 D.P.R. 749, y *El Pueblo* v. *García (a) El Perla,* 52 D.P.R. 297, se discute la regla establecida en el de Bosch, aún cuando no se aplicó a ellos por ser sus hechos distintos.

*Debe revocarse la sentencia.*

El Juez Presidente Sr. Del Toro no intervino.