El Pueblo de Puerto Rico, demandante y apelado, *v.* Jesús Rivera Nieves, acusado y apelante.

Núm. 9321.—*Sometido:* Junio 12, 1942. *Resuelto:* Julio 21, 1942.

*Dubón & Ochoteco,* abogados del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El acusado aceptó en la corte inferior que en la fecha a que se contrae la acusación y, siendo vecino de Corozal, no tenía arma alguna inscrita a su nombre el 27 de octubre de 1940 y admitió además que en esa fecha portaba sobre su persona un revólver. Presentó prueba de defensa, sin embargo, para demostrar que el revólver que le fué ocupado era de la propiedad de su suegro José Concepción Bou, quien lo tenía debidamente inscrito con el Jefe de la Policía de Corozal; probó además que él vivía y trabajaba como celador en la finca de Bou y que el día de autos cogió el revólver de encima de un ropero de su suegro y lo portaba mientras volteaba la finca y con él hirió a Juan Rivera en una carretera que atraviesa dicha finca. La corte inferior declaró culpable al acusado de una infracción al artículo 7 de la Ley núm. 14 de 1936 y lo sentenció a cumplir seis meses de cárcel y en este recurso sostiene que, de acuerdo con los anteriores hechos, no cometió el delito que se le imputa pues

poseyó el arma accidentalmente, siendo, por tanto, la sentencia contraria a derecho y a la prueba.

Somos de opinión que la posesión que tuvo del revólver el acusado no puede considerarse accidental, como sostiene. En primer término, nada hay en la prueba que demuestre que el Sr. Bou, dueño del arma, le autorizara a portarla como celador de la finca y que dicha arma fuera necesaria para dicho fin. El señor Bou se limitó a declarar que el arma era suya y la tenía inscrita a su nombre. Por el contrario, el acusado declaró que él la cogió, por su cuenta, de encima de un ropero y cuando se encontraba en la carretera hirió a Juan Rivera con ella. De los autos aparece, además, que el apelante también fué acusado y declarado culpable de un delito de portar armas prohibidas. ¿Cómo puede considerarse esta posesión accidental? La palabra "accidental" conlleva el significado de casual, según el Diccionario de la Real Academia Española. El acusado, si en realidad necesitaba un revólver para voltear la finca de su suegro tendría que poseerlo no accidental sino permanentemente y previa autorización del dueño de la finca mientras cumplía con los deberes de su cargo y, nada hay en la prueba que demuestre estos hechos. La corte inferior estuvo justificada en no dar crédito a la declaración del acusado y por el contrario creer, como creyó, que el acusado portaba y poseía el revólver ilegalmente. El hecho de que estuviera inscrito a nombre de su dueño, no era un eximente a favor del acusado, de acuerdo con los hechos concurrentes en este caso, que lo distinguen de los que sirvieron de base para resolver los de *El Pueblo* v. *Bosch,* 43 D.P.R. 741; *El Pueblo* v. *Rodríguez,* 43 D.P.R. 749 y *El Pueblo* v. *Beltrán,* 54 D.P.R. 1 citados por el apelante.

*Debe confirmarse la sentencia apelada.*